FILED
2008 Sep-04  PM 01:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| AMY E. TROMBLEY, a/k/a | ) | |
| AMY E. ATKINSON, an individual | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER:** _____ |
| | ) | |
| **v.** | ) | |
| | ) | **Pending in the Circuit Court of** |
| PATRICIA L. DEARING, L.L.C. | ) | **Jefferson County: CV 2008-9026** |
| a law firm, | ) | |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF REMOVAL

COMES NOW the defendant, Patricia L. Dearing, L.L.C. (hereinafter "Dearing"), and hereby removes the above styled action from the Circuit Court of Jefferson County pending as Civil Action Number: CV-2008-9026, to this United States District Court for the Northern District of Alabama, Southern Division by stating as follows:

1.      The Plaintiff served Dearing with the Summons and Complaint via certified mail on or about August 15, 2008.

2.      The complaint alleges invasion of privacy, and negligent and wanton hiring and supervision based upon State law claims.  The complaint also alleges violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA").

3.      The United States District Court for the Northern District of Alabama, Southern Division encompasses the geographic area of the Circuit Court of Jefferson County, Alabama.

4.     Copies of all process and pleadings served upon Dearing in the state court including the Case Action Summary from the State Judicial Information System web site Alacourt.com are attached hereto as Exhibit A.

5.     Defendant Dearing gives prompt notice of its filing this Notice of Removal to all parties and to the Circuit Court of Jefferson County, Alabama, by filing a Notice of Filing Notice of Removal, attached hereto as Exhibit B, together with a copy of this Notice of Removal, in the Circuit Court of Jefferson County, Alabama, and by serving same on all parties as provided in 28 U.S.C. § 1446(d).

## Jurisdiction Based Upon Federal Question

6.     Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.     The Plaintiff's complaint explicitly alleges claims against Dearing pursuant to the FDCPA.

8.     The FDCPA provides that "an action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." 15 U.S.C. § 1692k(d).

9.     Actions brought in state court under the FDCPA are removable to the appropriate Federal District Court. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263 (11th Cir. 1999).

10.     According to 28 U.S.C. § 1441(b), a defendant in a state court action may remove the action to a federal court if the federal district court has "original jurisdiction

founded on a claim or right arising under the Constitution, treaties, or laws of the United States."

11.    Moreover, removal pursuant to 28 U.S.C. § 1441(b) is proper "without regard to the citizenship or residence of the parties."

12.    When removal is based upon federal question jurisdiction, the defendant must demonstrate the existence of a federal question based on the well-pleaded complaint rule. *Marcus v. AT & T Corp.,* 138 F.3d 46, 52 (2d Cir.1998); *see also West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.,* 815 F.2d 188, 192 (2d Cir.1987) (stating "[t]he [well-pleaded complaint] rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law . . . and only when plaintiff's well-pleaded complaint raises issues of federal law.").

13.    Because the complaint explicitly alleges claims against Dearing pursuant to the FDCPA, removal is proper under 28 U.S.C. § 1441(b).

### Diversity Jurisdiction

14.    In the event this Court should find federal question jurisdiction does not exist, this Court also has jurisdiction under 28 U.S.C. § 1332.

15.    Based on the complaint, the Plaintiff is a resident of Alabama at the time the complaint was filed.

16.    Based on the complaint, the Defendant is a Louisiana corporation whose principal place of business is the State of Louisiana. Therefore, complete diversity exists.

17.    The complaint does not include an amount in controversy. However, pursuant to 15 U.S.C. § 1692k(d) "[a]n action to enforce any liability created by this title

[15 USCS §§ 1692, *et. seq.*] may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." Thus, diversity jurisdiction is proper.

## Supplemental Jurisdiction

18.     The Plaintiff's complaint also alleges invasion of privacy, and negligent and wanton hiring and supervision based upon State law claims.

19.     To the extent these state law claims are not preempted by the FDCPA, this Court has supplemental jurisdiction over the Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a) which states "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

20.     All of the state law claims and allegations contained in the complaint arise from Dearing's conduct alleged to be in violation of the FDCPA.  Therefore, these claims arise from the same case in controversy.

## Removal is Timely

21.     The Plaintiff filed its complaint on August 11, 2008 which raised a federal question by alleging a violation of the FDCPA.

22.     Per 28 U.S.C. § 1446(b): "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

23.     This action became removable on August 15, 2008, when Dearing received a copy of the summons and complaint.

24.     Therefore, this notice is being filed with this Court within thirty (30) days after Plaintiff filed her complaint.

WHEREFORE, PREMISES CONSIDERED, Dearing respectfully requests this Court to enter an order effecting the removal of this action from the Circuit Court of Jefferson County, Alabama, to this Court and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

DATED this the 2nd day of Septembert, 2008.

_____
Neal D. Moore, III          (MOO 073)
*Attorney for Patricia L. Dearing, L.L.C.*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Post Office Box 430189
Birmingham, Alabama 35243-0189
205-879-8722 - phone
205-879-8831 – fax

## CERTIFICATE OF SERVICE

This is to certify that on this the 3rd day of September 2008, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

_____mailing the same by first-class United States mail, properly addressed and postage pre-paid

_____hand delivery

_____via facsimile

____X_____ E-File

John G. Watts
WATTS LAW GROUP, P.C.
201 Avon Place
700 29th Street South
Birmingham, Alabama 35233

M. Stan Herring
M. STAN HERRING, P.C.
201 Avon Place
700 29th Street South
Birmingham, Alabama 35233

_____
OF COUNSEL

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**01-CV-200**<br>Date of Filing:<br>08/11/2008 | ELECTRONICALLY FILED<br>8/11/2008 6:20 PM<br>CV-2008-902600.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### AMY E. TROMBLEY v. PATRICIA L. DEARING, LLC

First Plaintiff: ☐ Business  ☑ Individual  First Defendant: ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other:   FDCPA

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture<br>Appeal/Enforcement of Agency Subpoena/Petition to<br>Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND-  Equity Non-Damages Actions/Declaratory<br>Judgment/Injunction Election Contest/Quiet Title/Sale For<br>Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING  A ☐ APPEAL FROM  O ☐ OTHER
DISTRICT COURT

R ☐ REMANDED  T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

| **ATTORNEY CODE:** | WAT056 | 8/11/2008 6:08:58 PM | /s JOHN WATTS |

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided



ELECTRONICALLY FILED
8/11/2008 6:20 PM
CV-2008-902600.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AMY E. TROMBLEY, a/k/a                )
AMY E. ATKINSON, an individual,       )
                                      )
            Plaintiff,                )
                                      )
v.                                    )       Civil Action No.:
                                      )
PATRICIA L. DEARING, L.L.C.,          )
a Law Firm,                           )
                                      )
            Defendant.                )

### COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for

Plaintiff's Complaint against the Defendant states as follows:

### JURISDICTION

1.    This action arises out of Defendant's repeated violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA[1]") and out of the invasions of Plaintiff's

personal and financial privacy by the Defendant and its agents in their illegal efforts to

collect a consumer debt from Plaintiff.

### PARTIES

2.    Plaintiff Amy Trombley (hereinafter "Plaintiff") is a natural person who is a resident of

Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3.    Defendant Patricia L. Dearing, LLC, ("Defendant" or "Dearing") is a foreign law firm

that engages in the business of debt collection and reporting consumer credit information

---

[1] Any reference to the FDCPA includes all applicable subsections whether explicitly stated or not.

to credit reporting agencies.  It conducts business in Alabama.  Its principal place of business is the State of Louisiana and it is incorporated in Louisiana.

4.  The individual collectors' names are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

5.  Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Navy Federal Credit Union (hereinafter "NFCU") loan.

6.  Supposedly, Dearing purchased or was assigned or otherwise was collecting the NFCU debt and began collection activities against Plaintiff.

7.  Within the past twelve months, Plaintiff told Defendant in writing and over the phone on multiple occasions not to call her.

8.  Defendant contacted third parties including at least Plaintiff's ex-sister-in-law in an effort to collect this debt.

9.  This was not an attempt to obtain "location information" as Defendant had Plaintiff's location information and had been told to only communicate with Plaintiff in writing.

10. The Defendant requested that Plaintiff's ex-sister-in-law to give a message to the Plaintiff which is a blatant attempt to collect this debt.

11. This is the most egregious type of violation of the FDCPA – contacting third parties to collect the debt with full knowledge of the damage this type of invasion of privacy will cause.

12. This misconduct is specifically condemned in the FDCPA due to the severe harm it causes.

13. Defendant refused to stop violating the law.

14.     This was very distressing and upsetting to the Plaintiff.

## Summary

15.     All of the above-described collection communications made to Plaintiff and to third parties such as her ex-in-laws by Defendant and collection agents of Defendant, were made in violation of numerous and multiple provisions of the FDCPA.

16.     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to the Plaintiff.

17.     This series of abusive collection calls by Defendant and its agents caused Plaintiff enormous stress and anguish as a result of these abusive calls.

18.     Defendant's contact with third parties was an invasion of Plaintiff's privacy and right to financial privacy.

19.     Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law and to stop calling Plaintiff's ex-in-laws was an invasion of Plaintiff's privacy and her right to be left alone.

20.     Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused her unnecessary distress.

21.     Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### Respondeat Superior Liability

22.     The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal, Defendant Dearing.

23.     The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

24.     By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal, Defendant Dearing.

25.     Defendant Dearing is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

### Negligent and Wanton Hiring and Supervision

26.     Defendant Dearing negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.   The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

29.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

30.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

31.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

32.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

33.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

34.   Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

35.   Defendant also intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by making illegal contact about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

36.   Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

37.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

38.   The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

39.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

40.     All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

41.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

42.     Defendant Dearing negligently and/or wantonly hired, retained, or supervised incompetent debt collectors, and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT III.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

Patricia L. Dearing, L.L.C.
c/o Patricia L. Dearing
486 Brown Switch Road
Slidell, LA 70458

2008-08-11 12:36      TROMBLEY            2519875527 >>        18885227167                              P 1/1

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA                )
                                ) ss
COUNTY OF BALDWIN               )

Plaintiff Amy Trombley, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Amy Trombley

Subscribed and sworn to before me
this __11__ day of _August_ , 2008.

Notary Public
My Commission Expires: My Commission Expires May 4, 2011



ELECTRONICALLY FILED
8/11/2008 6:20 PM
CV-2008-902600.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| AMY E. TROMBLEY, a/k/a<br>AMY E. ATKINSON, an individual, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| PATRICIA L. DEARING, L.L.C., | ) |
| a Law Firm, | ) |
| | ) |
| Defendant. | ) |

### SUMMONS

This service by Certified Mail of this Summons and Complaint is initiated upon written request of the Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:  Patricia L. Dearing, L.L.C.
        c/o Patricia L. Dearing
        486 Brown Switch Road
        Slidell, LA 70458

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's attorney, **John G. Watts, Watts Law Group, P.C.,700 29th Street South, Suite 201, Birmingham, Alabama 35233. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court.

_____     _____
Date               Clerk



ELECTRONICALLY FILED
8/11/2008 6:20 PM
CV-2008-902600.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| AMY E. TROMBLEY, a/k/a<br>AMY E. ATKINSON, an individual,<br><br>      Plaintiff,<br><br>v.<br><br>PATRICIA L. DEARING, L.L.C.,<br>a Law Firm,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

                Civil Action No.:

---

## PLAINTIFF'S FIRST INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

---

### *INSTRUCTIONS*

Any references to "Defendant" shall be treated as referring to Defendant PATRICIA L. DEARING, L.L.C., and its employees or agents individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendant shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendant shall state the legal basis for the privilege Defendant is invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Alabama Rules of Civil Procedure, and Defendant is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these

interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendant, which Defendant has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon

2

which words, phrases, websites, listservs, emails, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.   The date of the document;

b.   The type of document;

c.   The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;

d.   The name of the employer or principal whom the signers, addressers, and preparers were representing;

e.   The present location of the document;

f.   The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.   A summary of the contents of the document;

h.   If the original document was destroyed, the date and reason for or circumstances under which it was destroyed; and

Plaintiff requests that the documents be produced to Plaintiff in ".pdf" format per the report of parties planning meeting.

These interrogatories and discovery requests are intended to cover all documents in Defendant's possession, or subject to their custody and control, regardless of location.  If there are no such documents, please so state.  If there are such documents, please list and mark appended documents responsive to each request.  (Alabama Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information that is known by each of them.  An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, state specifically the terms of each qualification and the reasons for it.  If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

## **INTERROGATORIES**

**Pursuant to Rule 33 of the Alabama Rules of Civil Procedure, Plaintiff requests that Defendant answers, under oath, the following interrogatories:**

1.  For each individual person, officer, employee, agent, or other entity answering or providing any information used to answer any Interrogatory, state the following:

    a.  First, last, and middle legal name;

    b.  All DBA, fake, or alias name(s) used by this person;

    c.  Job title or capacity;

    d.  Business address and telephone number;

    e.  Home address and telephone number; and

    f.  Age.

2.  Identify each document referred to or consulted by Defendant in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

3.  Identify all persons known to Defendant to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

    a.  First, last, and middle legal name;

    b.  All DBAs, fake, or alias name(s) used by this person;

    c.  Job title or capacity;

    d.  Business address and telephone number;

    e.  Home address and telephone number; and

    f.  Age.

4.  Identify and describe with particularity all training that Defendant provides or receives, in the area of debt collection activities related to the collection of any accounts, including but not limited to:

    a.  The training content, timing, and duration;

    b.  All documents and audio or visual materials used in such training; and

    c.  Each person involved in providing such training.

5.  Identify and describe all manuals, instructions, restrictions or other documentation or instructions Defendant uses regarding how to avoid any violation of the FDCPA, including contacting third parties and requests from consumers to cease phone contact and only communicate by writing.

6.  Identify and describe Defendant's disciplinary policy for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

7.  Identify and describe any documents that describe, record, or establish each of the Defendant's methods and techniques used to collect on debt collection accounts.

8.  Identify and describe fully any computer, manual, or other system(s) Defendant maintains or operates to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and Defendant's policies and procedures for operating such a system of records.

9.  Identify whether Defendant records telephone calls with any persons from who they are collecting and what steps are taken to preserve these recordings.

10. Identify whether Defendant has recorded any telephone calls with the Plaintiff and whether or not these recordings have been preserved, and/or the disposition of these recordings.

11. Identify the original creditor of the alleged debt(s) that Defendant was trying to collect from Plaintiff.  Please provide the full legal name, address, city, state and zip code, and phone number of the original creditor(s).

12. In the form of a chronology, identify and describe in detail and with particularity, the process and events by which, and the circumstances under which, the debt allegedly owed by Plaintiff was sold to, referred, placed or otherwise assigned to Defendant for collection, and identify all documents relevant to, related to, or reflecting such sale, referral, placement or assignment.

13. Identify and describe each document known to Defendant, which are related to the collection account(s) of Plaintiff.

14. Identify and describe each communication, or attempted communication, between the Defendant with the Plaintiff, or any other person, which was made in connection with the collection of Plaintiff's account, by stating the following:

a. The name of the individual initiating the communication or attempted communication;

b. The date and time of the communication or attempted communication;

c. The method of the communication or attempted communication (e.g. letter, phone call, in-person);

d. A detailed analysis of the substance of the communication or attempted communication, (do not simply refer to collection notes);

e. Identify all witnesses to or participants in the communication or attempted communication; and,

f. Any actions taken by the Defendant as a result of the communication or attempted communication.

15. State the name, address, telephone number, title, place of employment and field of expertise of each person whom Defendant intends to call as an expert witness at a trial of this case. For each expert witness, state, identify, and/or provide:

a. The subject matter on which the expert is expected to testify;

b. The substance of the facts and opinions to which the expert is expected to testify;

c. A summary of the grounds for each opinion the expert is expected to testify; and

d. All documents, treatises, books, studies, or other materials upon which the expert may rely for information or support of facts and opinions.

e. A current curriculum vitae or résumé.

16. Identify by company name, business address, and telephone number, all of Defendant's suppliers of local and long distance telecommunications, wire communications, wireless or cellular communications, internet telephony or voice communications, or any other type of

supplier of voice communications used by the Defendant, between the January 1, 2008 and the last time of any contact with Plaintiff or anyone else related to the subject account/debt.

17.   Identify and describe all facts (including documents) relied upon to support the each affirmative defenses alleged in the Answer.

18.   If you have answered any of the Requests for Admissions with anything other than unqualified admissions, then as to each such response, provide the following:

a.   Identify each and every fact upon which you rely to support your response.

b.   Identify each and every document upon which you rely to support your response and attach copies of such documents.

19.   A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

20.   Describe in detail and identify all documents and persons related to the manner and method by which you reported to all the consumer reporting agencies you reported any information about the Plaintiff or the account and state for each and every item of information or data reported whether such reporting followed your policies and procedures at the time of the reporting and as of the date you answer this discovery request.

21.   State the correct legal name of your organization, the date and place the organization was organized and registered and/or licensed to do business.

22.   State any other names which your organization uses to identify itself, whether such names are registered with any official, and the date and place of registration.

23.     State the names, aliases, job title, business and home addresses and telephone numbers, date of initial employment and date of and reason for termination of employment of each of your employees

    a.  who contacted Plaintiff or another person regarding this debt; and

    b.  who have left your employ within the last three years

24.     State the name(s) and address(es) of Defendant's liability insurer(s) for the last three years and the dates of coverage, type, policy number(s) of each liability insurance policy

25.     Identify all present and past contracts or agreements between Defendant and the creditor and give the date of the initial contract or agreement with the creditor for the past five (5) years.

26.     Identify the terms of the agreement between Defendant and the creditor pursuant to which Defendant sought to collect this alleged account from the Plaintiff.

27.     Explain in detail all contacts to third parties and why such contacts were made and what information related to contact information you had when you made each such contact.

## REQUEST FOR ADMISSIONS

Pursuant to Rule 36 sends the following request for admissions to be admitted or denied in accordance[1] with Rule 36:

1.      Admit that Defendant is engaged in the business of collecting consumer debts and regularly attempts and collects consumer debts allegedly owed to another and at all times relevant to your collection activities against Plaintiff you were a "debt collector" as that term is defined by 15 U.S.C. Section 1692a(6).

2.      Admit that at all times relevant to your collection activities against Plaintiff that Plaintiff qualifies as a "consumer" under the FDCPA.

---

[1] If the defendant claims any of these are confusing or vague or ambiguous, the defendant is requested to contact the undersigned immediately so that this can be discussed and resolved.

3.  Admit that at all times relevant to your collection activities against Plaintiff that the debt qualifies as a "consumer debt" under the FCPA.

4.  Admit you contacted one or more third parties in the collection of this debt.

5.  Admit you contacted one or more third parties even though you had Plaintiff's contact information.

6.  All employees or agents of yours acted within the line and scope of their employment or agency relationship with respect to this account and the Plaintiff at all times.

7.  Admit you contacted Cinthia Demontalvo related to your collection of the debt you claim Plaintiff owes.

8.  Admit when you contacted Cinthia Demontalvo you had Plaintiff's contact information.

9.  Admit when you contacted Cinthia Demontalvo you had been notified by Plaintiff to not contact Plaintiff except by mail.

10.  Admit when you contacted Cinthia Demontalvo you had Plaintiff's mailing address.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Alabama Rules of Civil Procedure, Plaintiff requests that Defendant produces within thirty (30) days, the documents described herein and permit Plaintiff and their attorneys to inspect and copy such documents as they may desire:

1.  Any and all documents identified in Response to all sets of Plaintiff's Interrogatories and Plaintiff's Request for Admissions.

2.  Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendant's employees in any and all of the following areas:

    a.  Defendant's collection policies;

    b.  Defendant's collection procedures;

c.   Defendant's collection methods;

d.   Defendant's collection techniques;

e.   Defendant's collection tactics;

f.   Defendant's collection rules;

g.   Defendant's collection regulations; and

h.   Defendant's compliance with local, state, or federal laws, codes, or regulations.

3.   Any and all training, personnel, other instruction manuals to include a list of training conferences held, concerning training in those policies and procedures conducted within the last three years, along with attendance lists, all materials used or distributed, in any format, curriculum vitae of the instructor as well as the dates, places and times of each such training.

4.   Copies of the policies and procedures and the maintenance of those policies and procedures adapted to avoid any violations of the FCRA and the FDCPA.

5.   Produce documents relating to the Defendant's procedures to provide verification of alleged debts.

6.   Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendant in the collection process.

7.   Any and all documents related in any way to other lawsuits, legal or equitable claims, regulatory complaints or reports, or any other proceedings that have been brought against any Defendant from January 1, 2005, to the present.

8.   Any and all personnel files, human resource department records, employment files, and other documents involving any collector who worked on the account of Plaintiff, including but not limited to any disciplinary notices, reprimands, incident reports, and

electronic recordings of collection communications that were the subject of private or other complaints by any person.

9. Any and all documents in the possession or control of the Defendant, which Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

10. Any and all documents recording, documenting, or otherwise tracking the collection efforts related of the Defendant in any way related to Plaintiff's alleged debt that is the subject of this lawsuit, from January 1, 2006, to the present, including but not limited to:

   a. Records of all inbound or outbound telephone calls, to or from Plaintiff or related to Plaintiff or the alleged debt.

   b. Records of all inbound or outbound United States mail, to or from Plaintiff or related to Plaintiff or the alleged debt.

   c. Records of all other inbound or outbound communication of whatever kind related to Plaintiff or the alleged debt.

11. Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner in Defendant's collection process, which include Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to the Plaintiff.

12. Produce all documents which list and define, or act as a key for, codes and abbreviations you utilized when attempting to collect the alleged debt.

13. Produce all documents you received from any original creditor, collection agency, debt collector, debt purchaser or any other entity relating to the debt allegedly owed by Plaintiff.

14. Any document that relates to or refers to Plaintiff.

15.  A list of any and all employees disciplined for such violations of the FDCPA, FCRA, along with the disciplinary measures covering the last 3 years.

16.  Copies of all form letters, enclosures, envelopes, memoranda of information and disputes provided to credit reporting agencies along with the agencies name, address, and any person(s) that may have direct knowledge of the transmitted information concerning Plaintiff

17.  An organizational chart for Defendant.

18.  Copies of all any and all form letters used to supply information to any credit reporting agencies.

19.  A list of all employees engaged in the collection of debts such as the debt Plaintiff allegedly owed, their positions and responsibilities.

20.  Any insurance policies covering the Defendant for violations of the FDCPA.

Respectfully submitted this **9th day of August, 2008**.

/s/John G. Watts
John G. Watts (ASB-5819-T82J)
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, P.C.
700 29th Street South, Ste 201
Birmingham, AL 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
M. Stan Herring (ASB-1074-N72M)
Attorney for Plaintiff

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South, Ste 201
Birmingham, AL 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
8/11/2008 6:20 PM
CV-2008-902600.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| AMY E. TROMBLEY, a/k/a<br>AMY E. ATKINSON, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>PATRICIA L. DEARING, L.L.C.,<br>a Law Firm,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF ORAL DEPOSITION DUCES TECUM OF
### PATRICIA L. DEARING, L.L.C., PURSUANT TO RULES 30(b)(2), (5) & (6)

Take notice, that the Plaintiff will take stenographic depositions of the following entities or individuals pursuant to Ala. R. Civ. Pro. 30 (b)(2), (5) & (6). All deponents must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition.

**DEPONENT:**  **Corporate Representative of Patricia L. Dearing, LLC**

**DATE:**  **November 11, 2008**

**TIME:**  **10:00 a.m.**

**PLACE:**  **The Law Offices of M. Stan Herring P.C.**
**700 29th Street South, Ste 201**
**Birmingham, AL 35233**

**Please note that pursuant to Ala.R.Civ.P. 30(b)(5) &(6), this corporate deponents must designate an individual to testify as to the following matters:**

    1.    All allegations of fact stated in the complaint in this lawsuit.

    2.    All affirmative defenses asserted by the deponent. [1]

    3.    The identity, content, and number of computer systems used to maintain data on consumers, their accounts, collections or applications and the access given to each of those systems.

---

[1] Deponent means the corporate representative(s) of the Defendant and the actual person testifying as applicable.

4.  The identity of any known witnesses to the allegations of fact stated in the complaint or the affirmative defenses asserted by the deponent.

5.  The nature and content of any records maintained by the deponent--including archived copies and recorded conversations--relating to any trade lines appearing on Plaintiff's credit report.

6.  The authenticity of any documents identified in any of the disclosures, pleadings, or discovery responses.

7.  The identity and expert credentials of any of the deponent's employees or witnesses who were involved with or handled Plaintiff's account and/or any reinvestigation relative to Plaintiff's accounts.

8.  Any releases or waivers signed by the Plaintiff.

9.  Any insurance or bonding carried by the Deponent, which may provide coverage for the allegations in Plaintiff's complaint.

10. Any other acts by the deponent which might serve as a basis for amendment or supplementation of the complaint.

11. The time and form in which any dispute was received from Plaintiff in any manner, and the identity of any persons reviewing or acting on it.

12. The time, place, and manner in which any actions were taken in response to any such notice.

13. Any quotas or productivity targets for the deponent's employees involved in the collection of alleged debts.

14. Any insurance or bonding carried by the Deponent, which may provide coverage for the allegations in Plaintiff's complaint.

15. The decision to hire any of the collectors who collected from Plaintiff.

16. Supervision of any type over the collection efforts of all collectors involved with Plaintiff.

17. Policy for contacting third parties.

18. Policy for contacting debtors by phone when debtor has requested contact be by mail only.

19. Policy and procedures in collecting debts.

20.     Knowledge of and ratification of the collection activities of all collectors related to Plaintiff.

Pursuant to Rule 30(b)(2), Plaintiff hereby requests all deponents bring all documents responsive and in support of the categories listed above and present the originals of these documents for inspection and copying at the deposition.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>01-CV-2008-902600.00 |
| --- | --- | --- |

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**

**AMY E. TROMBLEY v. PATRICIA L. DEARING, LLC**

**NOTICE TO**   PATRICIA L. DEARING, LLC, C/O PATRICIA L. DEARING 486 BROWN SWITCH ROAD, SLIDELL LA, 70458

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS P.O. Box 531168, BIRMINGHAM AL, 35253

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   AMY E. TROMBLEY

pursuant to the Alabama Rules of the Civil Procedure

| 8/11/2008 6:20:55 PM | /s ANNE-MARIE ADAMS | |
| --- | --- | --- |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JOHN GRIFFIN WATTS

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____    _____

Date    Server's Signature



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
AMY E. TROMBLEY v. PATRICIA L. DEARING, LLC

01-CV-2008-902600.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $6.58**

Parties to be served by **Certified Mail - Return Receipt Requested**

PATRICIA L. DEARING, LLC                                      Postage: $6.58
C/O PATRICIA L. DEARING
486 BROWN SWITCH ROAD        7007 0710 0003 3264 8040
SLIDELL, LA 70458

Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**

CBew

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Patricia Dearing
486 Brownswitch Rd.
Slidell, LA 70458

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Faith Gerard_ ☑ Agent ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
8-15-08

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:        ☐ No

CV 08-902600

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7007 0710 0003 3264 8040

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



UNITED STATES POSTAL SERVICES LA 701

15 AUG 2008 PM 6 T

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE

AUG 1 8 2008

ANNE-MARIE ADAMS
Clerk

iii

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AMY E. TROMBLEY, a/k/a )
AMY E. ATKINSON, an individual )
                      )
       **Plaintiff,** )     **CASE NUMBER:**
                      )     **CV 2008-9026**
**v.** )
                      )
PATRICIA L. DEARING, L.L.C. )
a law firm, )
                      )
       **Defendant.** )

## NOTICE TO CIRCUIT CLERK AND PLAINTIFF OF FILING NOTICE OF REMOVAL

TO:   Ms. Anne Marie Adams
       Circuit Clerk of Jefferson County
       716 North 21st Street
       Birmingham, AL 35263

       John G. Watts
       WATTS LAW GROUP, P.C.
       201 Avon Place
       700 29th Street South
       Birmingham, Alabama 35233

       M. Stan Herring
       M. STAN HERRING, P.C.
       201 Avon Place
       700 29th Street South
       Birmingham, Alabama 35233

     **YOU ARE HEREBY NOTIFIED** of the filing of a Notice of Removal to

the United States District Court for the Northern District of Alabama, Southern

Division, in the case of, *Amy E. Trombley, a/k/a Amy E. Atkinson v. Patricia L.*

*Dearing, L.L.C.*, Civil Action No. CV-200-9026, in the Circuit Court of Jefferson

{W0212035.1 }

County, Alabama, in accordance with the provisions of 28 U.S.C. §1446.  A copy

of the Notice of Removal is attached hereto as Exhibit 1.

Dated this 28th day of August, 2008.


_____
Neal D. Moore                      (MOO 073)
*Attorney for Patricia L. Dearing, L.L.C.*


OF COUNSEL:
**FERGUSON, FROST & DODSON, LLP**
Post Office Box 430189
Birmingham, Alabama  35243
(205) 879-8722 Phone
(205) 879-8831 Fax